RECEIPT #_____
AMOUNT $_____
SUMMONS ISSUED___
LOCAL RULE 4.1____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE_____

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NORTH AMERICAN SPECIALTY INSURANCE COMPANY, | Civil Action<br>Case No. 04-CV-_____<br><br>04-10374-WGY |
| *Plaintiff* | |
| v. | |
| MARY & JOSEPHINE, CORP. | |
| and | MAGISTRATE JUDGE Collings |
| MATTEO RUSSO, | |
| *Defendants* | |

## COMPLAINT FOR DECLARATORY JUDGMENT
## PURSUANT TO 28 U.S.C. § 2201 ET SEQ. AND F.R. CIV. P. 57

NOW COMES the Plaintiff, North American Specialty Insurance Company, ("NAS") by and through its counsel, Tompkins, Clough, Hirshon & Langer, P.A., and as and for its Complaint for Declaratory Judgment states as follows:

### JURISDICTION

1. This is an action brought pursuant to the Court's admiralty jurisdiction, 28 U.S.C. §1333, and is a matter within the meaning of Rule 9(h), F.R.Civ.P.

### PARTIES

2. NAS is, at all times relevant was, a corporation duly authorized and existing pursuant to the laws of the State of New Hampshire, and was duly authorized to transact business in the Commonwealth of Massachusetts.

3. Defendant Mary and Josephine Corp. ("M & J") is, and at all time relevant hereto was, a Massachusetts corporation having its principal place of business in Gloucester, Massachusetts.

4. Defendant Matteo Russo ("Russo") is, and at all times relevant hereto was, a resident of Gloucester, Massachusetts.

## VENUE

5. Venue is properly laid in this Court pursuant to 28 U.S.C. §1391(b), in that Defendant M & J is a Massachusetts corporation with its principal place of business in Gloucester, Massachusetts and Defendant Russo is a resident of Gloucester, Massachusetts.

## CLAIM FOR RELIEF

6. This is an action brought pursuant to 28 U.S.C. § 2201 *et seq.*, and Rule 57, F.R.Civ.P., in which NAS seeks a declaration that it has no duty to defend and/or indemnify M & J under a certain insurance policy issued by Plaintiff to M & J in connection with claims of Russo as described below.

7. Pursuant to Policy No. DMM0000003-00 (the "Policy"), Defendant M & J purchased both hull and P & I insurance coverage for the F/V MARY & JOSEPHINE ("the Vessel") from NAS for the policy year August 13, 2002 through August 13, 2003.

8. The Vessel engaged in fishing operations until early May, 2003, at which point it ceased fishing activities and was tied up at a dock in Gloucester, Massachusetts.

9. No notice of the lay-up was provided to either NAS or to Ocean Marine Insurance Agency, Inc. ("OMIA"), the broker for Defendant M & J.

10. In August, 2003, the Policy was renewed for full operational coverage for the policy year August 13, 2003 through August 13, 2004.

11. Defendant M & J paid the appropriate down payment on the premium for the said policy renewal.

12. Such premium included protection and indemnity coverage, including crew liability for 3.5 crewmen, excluding owners.

13. On information and belief, Defendant Russo is an owner, officer and/or employee of Defendant M & J.

14. On October 3, 2003, Defendant Russo, on behalf of Defendant M & J, called OMIA and advised that the F/V MARY & JOSEPHINE had not been fishing since May, 2003.

15. Defendant Russo specifically requested that the Vessel be deemed to have had "port risk" coverage starting on May 1, 2003, rather than full operational coverage, and stated that Defendants did not want any crew protection and indemnity coverage during the period that the Vessel was not fishing.

16. OMIA immediately notified NAS of Defendants' request and procured a credit of $1,425.00 for the initial level of P & I coverage and an additional credit of $519.00 for the excess P & I coverage. Such credit was provided for the P & I coverage for the 3.5 crewmen originally covered by the policy during the policy year August 13, 2002-August 13, 2003.

17. It was understood and agreed by the parties that NAS would continue to provide port risk only coverage, with no coverage for any crewmen, until Defendants advised that the Vessel had returned to active fishing, at which point Plaintiff would reinstate full operational coverage. Additional credits would accrue to M&J during this period of port risk coverage, which credits would be applied either upon the Vessel's return to full operational coverage, or the end of the policy year on August 13, 2004, whichever occurred first.

18. On October 3, 2003, and again on November 21, 2003, OMIA informed Defendants in writing that the vessel was covered by port risk coverage only, and that when the Vessel returned to full fishing operations, notice should be provided to OIMA so that the Policy could be amended appropriately.

19. At no time through December 4, 2003 did Defendants ever advise either NAS or OMIA that the Vessel had returned to active fishing, nor had there been a request to place the Vessel back on full operational coverage.

20. Defendant Russo has instituted a civil action against Defendant M & J for personal injuries he allegedly sustained while working on board the Vessel on December 3, 2003.

21. Said civil action is currently pending in this Court, Docket No. 04-10108 WGY. A copy of the Complaint is attached hereto as Exhibit A.

22. Defendant M & J has demanded that NAS defend and indemnify it in connection with the said Civil Action.

23. Pursuant to the Policy in effect on December 3, 2003, Plaintiff is not obligated either to defend or indemnify Defendant M & J in the said action.

WHEREFORE, Plaintiff, North American Specialty Insurance Company prays for a judgment declaring that Plaintiff is not obligated to defend and/or indemnify Defendant M & J with respect to any and all claims in the civil suit commenced by Defendant Russo, for an award of costs, and for such other and further relief as this Honorable Court deems just and proper.

DATED at Portland, Maine, this __24th__ day of February, 2004.

                                      NORTH AMERICAN SPECIALTY
                                      INSURANCE COMPANY
                                      By Its Counsel:

                                      _/s/ Marshall J. Tinkle_
                                      Marshall J. Tinkle, Esq.
                                      BBO No. 565513

                                      _/s/ Leonard W. Langer_
                                      Leonard W. Langer, Esq.

TOMPKINS, CLOUGH, HIRSHON
     & LANGER, P. A.
Three Canal Plaza
P. O. Box 15060
Portland, ME 04112-5060
207-874-6700

NAS/Mary & Jos/Complaint