UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NORTH AMERICAN SPECIALTY
INSURANCE COMPANY

        Plaintiff

VS.                            CIVIL ACTION NO: 04-10374WGY

MARY & JOSEPHINE CORP. and
MATTEO RUSSO

        Defendants

## ANSWER AND COUNTERCLAIM OF DEFENDANT, MARY & JOSEPHINE CORP.

The defendant responds to the allegations contained in the plaintiff's complaint, paragraph by paragraph, as follows:

1. The defendant admits the allegations contained in paragraph 1 of the plaintiff's complaint.

2. Upon information and belief, the defendant admits the allegations contained in paragraph 2 of the plaintiff's complaint.

3. The defendant admits the allegations contained in paragraph 3 of the plaintiff's complaint.

4. The defendant admits the allegations contained in paragraph 4 of the plaintiff's complaint.

5. The defendant admits the allegations contained in paragraph 5 of the plaintiff's complaint.

6. The defendant neither admits nor denies the allegations contained in paragraph 6 of the plaintiff's complaint, as no response is required.

7. The defendant admits the allegations contained in paragraph 7 of the plaintiff's complaint.

8. The defendant admits the allegations contained in paragraph 8 of the plaintiff's complaint.

9. The defendant denies the allegations contained in paragraph 9 of the plaintiff's complaint, and calls upon the plaintiff to prove same at trial.

10. The defendant admits the allegations contained in paragraph 10 of the plaintiff's complaint.

11. The defendant admits the allegations contained in paragraph 11 of the plaintiff's complaint.

12. The defendant admits the allegations contained in paragraph 12 of the plaintiff's complaint.

13. The defendant admits that the co-defendant, Matteo Russo, is an employee of the defendant, Mary & Josephine Corp., and denies the remaining allegations contained in paragraph 13 of the plaintiff's complaint, and calls upon the plaintiff to prove same at trial.

14. The defendant admits the allegations contained in paragraph 14 of the plaintiff's complaint.

15. The defendant admits that the co-defendant, Matteo Russo, asked on the defendant's behalf if the F/V MARY & JOSEPHINE could be deemed to have been on "port risk" coverage starting on May 1, 2003, and denies the remaining

allegations contained in paragraph 15 of the plaintiff's complaint, and calls upon the plaintiff to prove same at trial.

16. The defendant neither admits nor denies the allegations contained in paragraph 16 of the plaintiff's complaint, because it has no personal knowledge of same, and calls upon the plaintiff to prove same at trial.

17. The defendant admits that it was its understanding that the plaintiff would provide "port risk" coverage for the F/V MARY & JOSEPHINE for that period of time that the defendant's vessel was not engaged in fishing operations, and that credit would accrue to the defendant during the period of "port risk" coverage which would be applied either upon the vessel's return to full operational coverage or at the end of the policy year on August 13, 2004. The defendant denies the remaining allegations contained in paragraph 17 of the plaintiff's complaint, and calls upon the plaintiff to prove same at trial.

18. The defendant admits the allegations contained in paragraph 18 of the plaintiff's complaint.

19. The defendant admits the allegations contained in paragraph 19 of the plaintiff's complaint.

20. The defendant admits the allegations contained in paragraph 20 of the plaintiff's complaint.

21. The defendant admits the allegations contained in paragraph 21 of the plaintiff's complaint.

22. The defendant admits the allegations contained in paragraph 22 of the plaintiff's complaint.

23. The defendant denies the allegations contained in paragraph 23 of the plaintiff's complaint, and calls upon the plaintiff to prove same at trial.

The defendant denies that the plaintiff is entitled to any of the relief that it seeks in its complaint, and it calls upon the Court to enter a judgment declaring that the plaintiff is obligated to defend and to indemnify the defendant with respect to the claims asserted against the defendant by the co-defendant, Matteo Russo, in the suit Mr. Russo has commenced against it, Civil Action No: 04-10108WGY, together with attorneys fees, costs, and such other relief that the court deems just and proper.

## COUNTERCLAIM

### COUNT I

1. The counterclaim plaintiff, Mary & Josephine Corp., is and at all times material hereto was a Massachusetts corporation having its principal place of business in Gloucester, Massachusetts.

2. The counterclaim defendant, North American Specialty Insurance Company, is and at all times material hereto was a corporation engaged in the business of providing insurance having its principal place of business is in Manchester, New Hampshire.

3. This counterclaim is brought pursuant to the Court's diversity jurisdiction as set forth in 28 U.S.C. § 1332.

4. Beginning on August 13, 2003, the counterclaim plaintiff purchased for valuable consideration from the counterclaim defendant Hull and P&I insurance for the counterclaim plaintiff's vessel, the F/V MARY & JOSEPHINE. The policy period for such coverage ran from August 13, 2003 to August 13, 2004, with

coverage provided under North American Specialty Insurance Company Policy No. DMM0000003-01.

5. Under the terms of said policy and Massachusetts law, the counterclaim defendant agreed to defend and to indemnify the counterclaim plaintiff against liability arising out of bodily injury claims asserted against it as owner of the F/V MARY & JOSEPHINE.

6. The co-defendant, Matteo Russo, has instituted a civil action against the counterclaim plaintiff for bodily injuries he sustained while working aboard the counterclaim plaintiff's vessel on December 4, 2003. Said civil action is currently pending in this Court, Docket No: 04-10108WGY.

7. The counterclaim plaintiff has demanded that the counterclaim defendant defend and indemnify it in connection with the defendant, Matteo Russo's, civil action as required by the terms of Policy No. DMM0000003-01.

8. Although the counterclaim defendant has agreed to provide the counterclaim plaintiff with a defense under reservation of rights, it has advised the counterclaim plaintiff that North American Specialty Insurance Company is not obligated either to defend or to indemnify the counterclaim plaintiff against the liability asserted by Mr. Russo, and it has commenced the instant declaratory judgment action seeking to deprive the counterclaim plaintiff of the coverage that it purchased from the counterclaim defendant.

9. The counterclaim defendant's refusal to live up to its obligations under Policy No. DMM0000003-01 is a breach of the counterclaim defendant's contract with the counterclaim plaintiff.

WHEREFORE, the counterclaim plaintiff demands: 1) that the counterclaim defendant be ordered to perform under the contract of insurance that it entered into with the counterclaim plaintiff, or, in the alternative, that judgment enter against the counterclaim defendant in the amount of any sums that the counterclaim plaintiff becomes liable to pay to Mr. Russo as a result of the aforementioned civil action, together with any costs incurred by the counterclaim defendant in defending against Mr. Russo's claim should the counterclaim defendant withdraw the defense that it is providing under reservation of rights; and 2) that the counterclaim plaintiff be awarded the attorneys fees and costs that it incurs in its defense against the counterclaim defendant's attempt to deprive it of coverage under Policy No. DMM0000003-01.

## COUNT II

10. The counterclaim plaintiff re-alleges the allegations contained in paragraphs 1 through 9 of Count I of this counterclaim as if expressly set forth herein.

11. This is a claim for damages pursuant to the Massachusetts Consumer Protection Act, M.G.L. c. 93A § 11.

12. The counterclaim defendant's conduct violates M.G.L. c. 93A §§ 2 and 11 in that the counterclaim defendant, its representatives, agents, servants or employees engaged in unfair practices in violation of M.G.L. c. 176D § 3.

13. The unfair practices of the counterclaim defendant consist of, but are not limited to:

    a. Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;

    b. Compelling an insured to litigate to recover amounts due under an insurance policy;

    c. Failing to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim for coverage; and

    d. Refusing to provide coverage without conducting a reasonable investigation based upon all available information.

14. As a direct and proximate result of the counterclaim defendant's actions, the counterclaim plaintiff has been caused to be damaged in that it has been exposed to liability for damages that it had contracted with the counterclaim defendant to insure itself against, and it has been forced to incur attorney's fees and costs.

WHEREFORE, the counterclaim plaintiff prays that the damages actually caused to the counterclaim plaintiff be established, and judgment be entered for the counterclaim plaintiff in treble the amount of such actual damage, pursuant to M.G.L. c. 93A § 11; that the counterclaim plaintiff be awarded reasonable costs; and that the Court order such other relief as it deems necessary and proper.

THE DEFENDANT AND COUNTERCLAIM PLAINTIFF REQUESTS A JURY TRIAL ON ALL ISSUES.

By its Attorneys,

THE LAW OFFICES OF RICHARD H. PETTINGELL, P.C.

_____
Richard H. Pettingell – BBO # 397320
77 North Washington Street – Second Floor
Boston, MA 02114
(617) 778-0890

Dated: April 1, 2004

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the attached document has been served on all counsel of record pursuant to the Federal Rules of Civil Procedure.

_____
Richard H. Pettingell, Esquire
4/1/04