# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

NORTH AMERICAN SPECIALTY )
INSURANCE COMPANY, )
) Civil Action
) Case No. 04-CV-10374WGY
*Plaintiff* )
v. )
)
MARY & JOSEPHINE, CORP. )
)
and )
)
MATTEO RUSSO, )
)
*Defendants* )

## NORTH AMERICAN SPECIALTY INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT MARY & JOSEPHINE, INC.'S COUNTERCLAIM

NOW COMES Plaintiff North American Specialty Insurance Company ("NAS"), by and through its counsel, Tompkins, Clough, Hirshon & Langer, P.A., and as and for its Answer to Defendant Mary & Josephine, Inc.'s Counterclaim states as follows:

### COUNT I

1. NAS admits the allegations contained in Paragraph 1 of Defendant Mary & Josephine, Inc.'s Counterclaim.

2. NAS admits the allegations contained in Paragraph 2 of Defendant Mary & Josephine, Inc.'s Counterclaim.

3. Paragraph 3 of Defendant Mary & Josephine, Inc.'s Counterclaim sets forth a legal conclusion to which no response is required. To the extent that a response is required, NAS denies the allegations set forth in Paragraph 3 of Defendant Mary & Josephine, Inc.'s Counterclaim.

4. NAS admits that in August 2003, Mary & Josephine, Inc. purchased various insurance coverage for its vessel, the F/V MARY & JOSEPHINE from NAS, and paid a premium therefore. NAS further admits that the policy period ran from August 13, 2003 to August 13, 2004, and carried policy no. DMM0000003-01. NAS denies the remaining allegations contained in Paragraph 4 of Defendant Mary & Josephine, Inc.'s Counterclaim.

5. Paragraph 5 of Defendant Mary & Josephine, Inc.'s Counterclaim sets forth a legal conclusion to which no response is required. To the extent that a response is required, NAS denies the allegations set forth in Paragraph 3 of Defendant Mary & Josephine, Inc.'s Counterclaim.

6. NAS admits that Defendant Matteo Russo has instituted a civil action against Mary & Josephine, Inc. for bodily injuries he allegedly sustained while working aboard Mary & Josephine, Inc.'s vessel on or about December 4, 2003, and that such action is currently pending in the United States District Court for the District of Massachusetts and carries docket no. 04-10108WGY. NAS denies the remaining allegations set forth in Paragraph 6 of Defendant Mary & Josephine, Inc.'s Counterclaim.

7. NAS admits the allegations contained in Paragraph 7 of Defendant Mary & Josephine, Inc.'s Counterclaim.

8. NAS admits that it is providing Mary & Josephine, Inc. a defense in the matter captioned Russo v. Mary & Josephine, Inc., docket no. 04-10108WGY, under a reservation of rights, and that it has advised Mary & Josephine, Inc. that NAS does not believe that there is coverage for such action pursuant to the applicable policy of insurance. NAS further admits that it has commenced the instant declaratory judgment action seeking judicial confirmation that it does not have a duty to defend or indemnify Mary & Josephine, Inc.

NAS denies the remaining allegations contained in Paragraph 8 of Defendant Mary & Josephine, Inc.'s Counterclaim.

9. NAS denies the allegations contained in Paragraph 9 of Defendant Mary & Josephine, Inc.'s Counterclaim.

## COUNT II

10. NAS repeats and restates its answers to Paragraphs 1 through 9, inclusive, above, of Defendant Mary & Josephine, Inc.'s Counterclaim with the same force and effect as if more fully set forth herein.

11. Paragraph 11 of Defendant Mary & Josephine, Inc.'s Counterclaim sets forth a legal conclusion to which no response is required. To the extent that a response is required, NAS denies the allegations set forth in Paragraph 11 of Defendant Mary & Josephine, Inc.'s Counterclaim.

12. Paragraph 12 of Defendant Mary & Josephine, Inc.'s Counterclaim sets forth a legal conclusion to which no response is required. To the extent that a response is required, NAS denies the allegations set forth in Paragraph 12 of Defendant Mary & Josephine, Inc.'s Counterclaim.

13. NAS denies the allegations set forth in Paragraph 13 of Defendant Mary & Josephine, Inc.'s Counterclaim.

14. NAS denies the allegations set forth in Paragraph 14 of Defendant Mary & Josephine, Inc.'s Counterclaim.

NAS denies that Mary & Josephine, Inc. is entitled to a jury trial on its Counterclaim against NAS.

WHEREFORE, North American Specialty Insurance Company respectfully demands that Counts I and II of Defendant Mary & Josephine, Inc.'s Counterclaim be dismissed with prejudice, and that NAS be awarded its costs, including attorneys' fees, and such other and further relief as this court deems just and equitable.

## AFFIRMATIVE DEFENSES

NOW COMES Plaintiff North American Specialty Insurance Company ("NAS"), by and through its counsel, Tompkins, Clough, Hirshon & Langer, P.A., and as and for its Affirmative Defenses to Defendant Mary & Josephine, Inc.'s Counterclaim states as follows:

1. Counts I and II of Defendant Mary & Josephine, Inc.'s Counterclaim fail to state a claim upon which relief can be granted.

2. Pursuant to the terms of the applicable policy of insurance issued by NAS to Mary & Josephine, Inc., there is no obligation to defend or indemnify Mary & Josephine, Inc. with regard to the Complaint filed by Matteo Russo in this Court.

3. Mary & Josephine, Inc. is estopped from asserting coverage pursuant to policy no. DMM0000003-01 for the claims asserted by Matteo Russo.

Plaintiff and Counterclaim Defendant North American Specialty Insurance Company denies that Defendant and Counterclaim Plaintiff Mary & Josephine, Inc. is entitled to a jury trial on any issues or claims in this matter.

DATED at Portland, Maine, this 17th day of April, 2004.

NORTH AMERICAN SPECIALTY
INSURANCE COMPANY
By Its Counsel:

_____
Leonard W. Langer, Esq.

4

*Marshall J. Tinkle* by wm
Marshall J. Tinkle, Esq.
BBO No. 565513

TOMPKINS, CLOUGH, HIRSHON
& LANGER, P. A.
Three Canal Plaza
P. O. Box 15060
Portland, ME 04112-5060
207-874-6700

## CERTIFICATE OF SERVICE

I, Leonard W. Langer, hereby certify that on April 17, 2004, I caused to be mailed by first class mail, postage prepaid, a copy of North American Specialty Insurance Company's Answer and Affirmative Defenses to Defendant Mary & Josephine, Inc.'s Counterclaim Dated April 1, 2004, to Richard H. Pettingell, Esq., The Law Office of Richard H. Pettingell, 77 North Washington St, Second Floor, Boston, MA 02114, counsel for Defendant Mary & Josephine, Inc., and to Joseph G. Abromovitz, Esq. 858 Washington St., Dedham, MA 02026, counsel for Defendant Matteo Russo.

Leonard W. Langer, Esq.

NAS/M&J/Ans Aff'm Def to M&J Counterclaim