

Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NORTH AMERICAN SPECIALTY
INSURANCE COMPANY

      Plaintiff

VS.

MARY & JOSEPHINE CORP., and
MATTEO RUSSO

      Defendants

CIVIL ACTION NO: 04-10374WGY

## DEFENDANT, MARY & JOSEPHINE CORP.'S, ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

NOW COMES the defendant, Mary & Josephine Corp., and responds to the Plaintiff's
First Set Of Interrogatories as follows:

### GENERAL OBJECTIONS

The defendant, Mary & Josephine Corp., objects to the plaintiff's definitions to the extent
that they exceed the parameters of Rules 26 and 33 of the F.R.C.P.

### INTERROGATORY NO. 1

Please identify each and every person who assisted or participated in any manner in
supplying information given in answer to these, or were relied on in preparing Answers to these,
Interrogatories, including in such identification each person's name, address, business address,
title and/or position, and the nature of the information provided.



ANSWER NO. 1

Matt Russo, 7 Derby Street, Gloucester, MA, Captain and Operations Manager, Mary & Josephine Corp., 279 Western Avenue, Gloucester, MA. Mr. Russo provided all information used in answering these interrogatories.

INTERROGATORY NO. 2

Please state each and every fact upon which Mary & Josephine Corp. relies for its allegation that it is entitled to coverage pursuant to North American Specialty Ins. Co.'s policy no. DMM0000003-01 for the claims asserted against it by Matteo Russo as a result of an alleged incident on board the F/V MARY & JOSEPHINE on or about December 4, 2003.

ANSWER NO. 2

Mr. Russo was working aboard the F/V MARY & JOSEPHINE as a member of the vessel's crew at the time of his December 3, 2003 injury. At that time, coverage was afforded to Mary & Josephine Corp. for personal injury claims asserted against it by members of the F/V MARY & JOSEPHINE's crew under the Protection and Indemnity Clauses of Policy No. DMM0000003-01.

INTERROGATORY NO. 3

Please state each and every fact upon which Mary & Josephine Corp. relies for its allegation that North American Specialty Ins. Co. "engaged in unfair practices in violation of M.G.L. c. 176D §3", which is denied.

ANSWER NO. 3

Mary & Josephine Corp. relies upon the following facts: 1) Mr. Russo was working aboard the F/V MARY & JOSEPHINE as a member of the vessel's crew at the time of his December 3, 2003 injury; 2) Mr. Russo has submitted a claim against Mary & Josephine Corp.

for the personal injuries that he sustained that time; 3) at the time of Mr. Russo's injury, coverage was afforded to Mary & Josephine Corp. for personal injury claims asserted against it by members of the F/V MARY & JOSEPHINE's crew under the Protection and Indemnity Clauses of Policy No. DMM0000003-01; 4) North American Specialty Insurance Co. has denied coverage to Mary & Josephine Corp. under Policy No. DMM0000003-01 for Mr. Russo's claim; 5) North American Specialty Insurance Co. has failed to provide Mary & Josephine Corp. with a reasonable explanation of the basis in Policy No. DMM0000003-01 in relation to the facts or applicable law for its denial of coverage for Mr. Russo's personal injury claim; 6) North American Specialty Ins. Co. and/or its agents have misrepresented pertinent facts or insurance policy provisions relating to the coverages at issue; and 7) North American Specialty Ins. Co. and/or its agents have compelled Mary & Josephine Corp. to litigate to recover amounts due under Policy No. DMM0000003-01. As discovery is ongoing, the defendant reserves the right to supplement its response to this answer once discovery has been completed.

## INTERROGATORY NO. 4

Please state each and every fact upon which Mary & Josephine Corp. relies for its allegation that North American Specialty Ins. Co. "misrepresented facts or insurance policy provisions relating to coverages at issue", which is denied.

## ANSWER NO. 4

Mary & Josephine Corp. relies upon the following facts: 1) North American Specialty Ins. Co. has denied coverage to Mary & Josephine Corp. for the personal injury claim that Matt Russo has asserted against it for injuries that he sustained on December 3, 2003 while working aboard the F/V MARY & JOSEPHINE as a member of the vessel's crew; 2) North American Specialty Ins. Co. and/or its agents maintain that Matt Russo requested on behalf of Mary &

Josephine Corp. that no P&I coverage be afforded for crewmen working aboard the F/V MARY & JOSEPHINE during the period that the vessel was under Port Risk coverage during policy period 8/13/03 through 8/13/04; 3) neither Mr. Russo nor any other agent or employee of Mary & Josephine Corp. made such a request for the policy period in question; and 4) Policy No. DMM0000003-01 as issued to Mary & Josephine Corp. affords coverage to Mary & Josephine Corp. for personal injury claims asserted against it by members of the F/V MARY & JOSEPHINE's crew under the Policy's Protection and Indemnity Clauses. As discovery is ongoing, the defendant reserves the right to supplement its response to this answer once discovery has been completed.

INTERROGATORY NO. 5

Please state each and every fact upon which Mary & Josephine Corp. relies for its allegation that North American Specialty Ins. Co. failed to "provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim for coverage", which is denied.

ANSWER NO. 5

Mary & Josephine Corp. relies upon the following facts: 1) Policy No. DMM0000003-01 as issued to Mary & Josephine Corp. affords coverage to Mary & Josephine Corp. for personal injury claims asserted against it by members of the F/V MARY & JOSEPHINE's crew under the Policy's Protection and Indemnity Clauses. As discovery is ongoing, the defendant reserves the right to supplement its response to this answer once discovery has been completed.

4

## INTERROGATORY NO. 6

Please state each and every fact upon which Mary & Josephine Corp. relies for its allegation that North American Specialty Ins. Co. refused to "provide coverage without conducting a reasonable investigation based upon all available information", which is denied.

## ANSWER NO. 6

Mary & Josephine Corp. relies upon the following facts: 1) North American Specialty Ins. Co. and/or its agents maintain that Matt Russo requested on behalf of Mary & Josephine Corp. that no P&I coverage be afforded for crewmen working aboard the F/V MARY & JOSEPHINE during the period that the vessel was under Port Risk coverage during policy period 8/13/03 through 8/13/04; 2) neither Mr. Russo nor any other agent or employee of Mary & Josephine Corp. made such a request for the policy period in question; and 3) Policy No. DMM0000003-01 as issued to Mary & Josephine Corp. affords coverage to Mary & Josephine Corp. for personal injury claims asserted against it by members of the F/V MARY & JOSEPHINE's crew under the Policy's Protection and Indemnity Clauses. As discovery is ongoing, the defendant reserves the right to supplement its response to this answer once discovery has been completed.

## INTERROGATORY NO. 7

Please describe in detail each and every communication between Mary & Josephine Corp., its employees or agents, and Ocean Marine Insurance Agency, Inc., its employees or agents, relating to insurance for the F/V MARY & JOSEPHINE during the period May 1, 2003 and December 4, 2003, and for each such communication, please identify the person or persons involved, the date of the communication, and the content of the communication.

5

## ANSWER NO. 7

Upon information and belief, the following communications occurred:

On or about 8/15/03, Matt Russo received a telephone call from Lynanne Houde of OMI regarding a quote for renewing coverage on the F/V MARY & JOSEPHINE and requesting a down payment.

On or about 8/15/03, Matt Russo sent a check to Lynanne Houde as requested.

On or about 8/17/03, Matt Russo received a letter from Lynanne Houde of OMI enclosing a copy of Policy No. DMM0000003-01, excess policy No. 00H423, First Insurance Funding Financial Agreement, a quotation renewal letter, and a renewal application.

On or about 8/17/03, Matt Russo received a letter from Lynanne Houde enclosing Endorsement No. 3 to Policy No. DMM0000003-00 and an invoice showing a port risk return premium of $1,923.00.

On or about 8/20/03, Matt Russo received a letter from Lynanne Houde enclosing Workman's Compensation Policy No. 7PJ0B-7807A73-9-03.

On or about 8/30/03, Matt Russo received a letter from Lynanne Houde enclosing a check in the amount of $1,923.00 reflecting a port risk return premium for the prior year's policy.

On or about 9/24/03, Matt Russo received a letter from Lynanne Houde enclosing an Endorsement to WC Policy No. 7PJ0B-7807A73-9-03.

On or about 10/3/03, Matt Russo made a telephone call to OMI and spoke to Lynanne Houde. Mr. Russo asked that the F/V MARY & JOSEPHINE be placed on port risk effective 5/03 as she had not been fishing since May 16, 2003, and as she would not be returning to fishing until the repairs mandated by Neil Stoddard during his 10/1/03 survey of the vessel had

been completed. Mr. Russo advised that it would take him to at least November 2003 to complete the repairs listed by Mr. Stoddard, and he agreed that he would let OMI know when the repairs had been completed and the boat returned to fishing. Mr. Russo also inquired about the possibility of obtaining a return premium for the prior year's policy to reflect the boat being on port risk during the period from 5/03 to 8/13/03.

On or about 10/5/03, Matt Russo received a letter from Lynanne Houde regarding the 10/3/03 telephone conversation, confirming that she would attempt to obtain a port risk credit for the period from 5/1/03 to 8/13/03, and confirming that Mary & Josephine Corp. would receive a port risk credit for the period from 8/13/03 until the boat was placed back on full operations.

On or about 10/16/03, Matt Russo received a letter from Lynanne Houde enclosing Endorsement No. 4 to Policy No. DMM 0000003-00 and an invoice showing a port risk return premium for $1,717.00.

On or about 11/23/03, Matt Russo received a second copy of the letter he had received from Lynanne Houde on 10/5/03.

On or about 12/4/03, Matt Russo received a telephone call from Robert McVey of OMI wishing him well and advising him that Mary & Josephine Corp. had no coverage for Mr. Russo's potential personal injury claim against the company as Mr. Russo was an owner. Mr. Russo thanked Mr. McVey for his good wishes and advised him that he was not an owner of the F/V MARY & JOSEPHINE.

## INTERROGATORY NO. 8

Please describe in detail each and every communication between Mary & Josephine Corp., its employees or agents, and Sunderland Marine Mutual Insurance Company, Ltd., its employees or agents, relating to insurance for the F/V MARY & JOSEPHINE during the period

7

May 1, 2003 and December 4, 2003, and for each such communication, please identify the person or persons involved, the date of the communication, and the content of the communication.

## ANSWER NO. 8

Please refer to the answer to Interrogatory No. 7.

## INTERROGATORY NO. 9

Please describe in detail each and every communication between Mary & Josephine Corp., its employees or agents, and North American Specialty Ins. Co., its employees or agents, relating to insurance for the F/V MARY & JOSEPHINE during the period May 1, 2003 and December 4, 2003, and for each such communication, please identify the person or persons involved, the date of the communication, and the content of the communication.

## ANSWER NO. 9

Please refer to the answer to Interrogatory No. 7.

## INTERROGATORY NO. 10

Please describe in detail each and every communication between Matteo Russo and Mary & Josephine Corp. regarding the purchase of insurance for the F/V MARY & JOSEPHINE though Ocean Marine Insurance Agency, Inc., and for each such communication, please identify the person or persons involved, the date of the communication, and the content of the communication.

## ANSWER NO. 10

During the period from 7/01 through 8/01 Matt Russo had several conversations with his father, Salvatore Russo, the owner of 100 % of the stock of Mary & Josephine Corp., about

8

placing the insurance for the F/V MARY & JOSEPHINE for policy year 8/01 to 8/02 with OMI. Ultimately, Salvatore Russo agreed with Matt Russo's suggestion.

In 9/01, Salvatore Russo and Matt Russo discussed changing the size of the crew that would be working on the F/V MARY & JOSEPHINE from 2 to 3-4.

In 12/01, Salvatore Russo and Matt Russo discussed changing the crew on the boat back to 2 and discussed placing the boat on port risk when the boat was not fishing. The purpose of placing the boat on port risk was to reduce the premium when the boat was not fishing.

In 8/02, Salvatore Russo asked Matt Russo about the cost of renewing the coverage on the F/V MARY & JOSEPHINE with OMI. Even though the premium increased, Salvatore Russo agreed that coverage for the boat should remain with OMI.

In 12/02 Matt Russo advised Salvatore Russo that the boat had to go on port risk until the surveyor's recommendations had been completed. They also decided to try reducing the crew to just Matt Russo, while the boat was on port risk to see if that would generate an appreciable return premium.

In 2/03, Salvatore Russo and Matt Russo discussed returning coverage on the boat to full operations and increasing the crew to 3-4.

In 8/03 Matt Russo and Salvatore Russo discussed the renewal quote that Matt had received from OMI. Salvatore Russo felt the quote was high, but he agreed to leave coverage with OMI. Matt Russo and Salvatore Russo also agreed that reducing the size of the crew while the boat was on port risk did not make sense given the small amount of return premium that a crew size change generated.

In 10/03, Matt Russo and Salvatore Russo talked about putting the boat on port risk during the period that the boat was not fishing.

## INTERROGATORY NO. 11

Please describe in detail each and every communication between Matteo Russo and Robert McVey, including, but not limited to, communications regarding insurance for the F/V MARY & JOSEPHINE, and for each such communication, please give the date of the communication, the form of communication, who instituted the communication, and the content of the communication.

## ANSWER NO. 11

In 7/01, Matt Russo called OMI and spoke with Mr. McVey about placing insurance for the F/V MARY & JOSEPHINE with OMI. Mr. McVey indicated that OMI did not normally cover Gloucester boats, but as he had heard good things about the Russo's, he would work up a quote.

Later in 7/01, Mr. McVey came to Gloucester, looked at the F/V MARY & JOSEPHINE, and gave Mr. Russo a quote.

In 8/01, Matt Russo telephoned Mr. McVey and accepted the quote.

In 9/01, Matt Russo telephoned Mr. McVey and notified him that the size of the crew working on the F/V MARY & JOSEPHINE was changing to 3-4.

In 10/01, Matt Russo telephoned Mr. McVey to discuss issues regarding the marine survey on the vessel. Mr. McVey stated that all recommendations had to be completed or coverage would be cancelled.

In 12/01, Matt Russo called Mr. McVey and requested that coverage on the F/V MARY & JOSEPHINE be changed to port risk and that the crew be changed to 2.

In 2/02, Matt Russo called Mr. McVey and requested that coverage on the F/V MARY & JOSEPHINE be changed back to full operations and that the crew be changed back to 3-4.

10

In 8/02, Matt Russo called Mr. McVey and complained about the size of the renewal quote.

In 10/02, Matt Russo and Mr. McVey discussed the latest survey recommendations.

In 12/02, Matt Russo called Mr. McVey and informed him that repairs were ongoing.

Mr. McVey suggested that coverage on the F/V MARY & JOSEPHINE be changed to port risk while repairs were being performed. Mr. Russo agreed and also advised that as he was going to be performing the repairs, he wanted to change the size of the crew to 1, just Mr. Russo himself.

In 2/03, Matt Russo called Mr. McVey and requested that coverage on the F/V MARY & JOSEPHINE be changed back to full coverage and the size of the crew be changed back to 3-4.

In 8/03, Mr. Russo and Mr. McVey talked about the cost of renewing coverage on the F/V MARY & JOSEPHINE with OMI.

In 10/03, Mr. Russo and Mr. McVey spoke about the latest survey recommendations.

Mr. Russo also asked that as the F/V MARY & JOSEPHINE had not been fishing since 5/03 he would like Mary & Josephine Corp. to be credited for port risk for the period from 5/03 through 8/13/03. Mr. McVey told Mr. Russo to call Lynanne Houde.

On 12/4/03, Mr. McVey called Mr. Russo at the hospital and wished him well. He also advised Mr. Russo that Mary & Josephine Corp. had no coverage for Mr. Russo's potential personal injury claim against the company as Mr. Russo was an owner. Mr. Russo thanked Mr. McVey for his good wishes and advised him that he was not an owner of the F/V MARY & JOSEPHINE.

## INTERROGATORY NO. 12

Please identify each such person whom Mary & Josephine Corp. expects to call as an expert witness at the trial of this case, including in this answer the substance of the testimony that you expect from each such witness.

## ANSWER NO. 12

The defendant has not yet determined who it will call as an expert at trial. The defendant will supplement its answer to this interrogatory once such a determination has been made.

## INTERROGATORY NO. 13

With respect to each expert witness whom you expect to be called for testimony on behalf of Mary & Josephine Corp. at trial, please state, specifying separately as to each expert:

a).     The substance of facts and opinions to which each such expert is expected to testify; and

b).     A summary of the grounds for each opinion of each such expert.

## ANSWER NO. 13

Please see the answer to Interrogatory No. 12.

## INTERROGATORY NO. 14

Please identify each and every person Mary & Josephine Corp. intends to call as a non-expert witness at the trial of this matter, including in this answer the substance of the testimony that you expect from each such witness.

## ANSWER NO. 14

The defendant has not yet determined who it will call as non-expert witnesses at trial. The defendant will supplement its answer to this interrogatory once such a determination has been made.

12

INTERROGATORY NO. 15

Please identify the stockholders and officers of Mary & Josephine Corp. on December 4, 2003.

ANSWER NO. 15

Shareholders: Salvatore Russo, 279 Western Avenue, Gloucester< MA

Officers:        Josephine Russo, 279 Western Avenue, Gloucester, MA

INTERROGATORY NO. 16

Please describe in detail what Matteo Russo was allegedly doing on or about December 4, 2003 which gave rise to the claims for which Mary & Josephine Corp. seeks coverage pursuant to North American Specialty Ins. Co. policy No. DMM000003-01.

ANSWER NO. 16

In his capacity as captain of the F/V MARY & JOSEPHINE, Mr. Russo was injured on December 3, 2003 while measuring the length of the stay wires for the vessel's outriggers as part of carrying out the repairs required by Neil Stoddard's 10/1/03 vessel survey. Specifically, the cleat holding the outrigger let go causing the outrigger to crash down with Mr. Russo on top of it.

INTERROGATORY NO. 17

Please state the name and address of each and every expert witness who has been retained or specially employed by you or on your behalf in anticipation of the instant litigation and/ or in preparation for the trial of the above matter, which experts are expected to be called as witnesses on behalf of Mary & Josephine Corp. at the trial of the above matter.

ANSWER NO. 17

No such individuals have been retained at this time.

13

## INTERROGATORY NO. 18

Please set forth in detail the activities, including fishing activities, of the F/V MARY & JOSEPHINE from May 1, 2003 to and including December 4, 2003.

## ANSWER NO. 18

5/1/03 to 5/16/03, the vessel was fishing.

5/16/03 to 7/27/03, the vessel was tied up at her berth in Gloucester Harbor.

7/28/03 to 8/28/03, the vessel was hauled out at Gloucester marine Railway where her hull was sand blasted and painted and her zincs were replaced.

8/28/03 to 12/03, the vessel was tied up at her berth in Gloucester Harbor while the recommendations contained in Neil Stoddard's 10/1/03 vessel survey were completed.

## INTERROGATORY NO. 19

Please identify the location at which the F/V MARY & JOSEPHINE was berthed during the period May 1, 2003 to and including December 4, 2003, giving the name, and address of the owner of the berth.

## ANSWER NO. 19

Gloucester State Pier, Mass Development, 2 State Pier, Gloucester, MA

## INTERROGATORY NO. 20

Please identify each and every crewmember of the F/V MARY & JOSEPHINE during the period May 1, 2003 to and including December 4, 2003.

14

ANSWER NO. 20

To the extent that the F/V MARY & JOSEPHINE required crew services during the period in question, the following individuals constituted her crew:

5/1/03 to 7/03

Matt Russo, 7 Derby Street, Gloucester, MA
Charles Reed, 19 Ledgemont Avenue, Gloucester, MA
Victor Swaszo, 49 Prospect Street, Gloucester, MA
Joseph Balestracci, 66 Cottage Street, Everett, MA

7/03 to 10/03

Matt Russo, 7 Derby Street, Gloucester, MA
Charles Reed, 9 Ledgemont Avenue, Gloucester, MA
Victor Swaszo, 49 Prospect Street, Gloucester, MA
Richard Marshall, 15 Patriot Circle, Gloucester, MA

10/03 to 12/03

Matt Russo, 7 Derby Street, Gloucester, MA
Charles Reed, 9 Ledgemont Avenue, Gloucester, MA
Victor Swaszo, 49 Prospect Street, Gloucester, MA
Richard Marshall, 15 Patriot Circle, Gloucester, MA

INTERROGATORY NO. 21

Please identify each and every crewmember of the F/V JOSEPHINE during the period May 1, 2003 to and including December 4, 2003.

ANSWER NO. 21

Upon information and belief, to the extent that the F/V JOSEPHINE required crew services during the period in question, the following individuals constituted her crew:

5/1/03 to 6/20/03

Salvatore Russo, 279 Western Avenue, Gloucester, MA
Joseph Balestracci, 66 Cottage Street, Everett, MA
Victor Swaszo, 49 Prospect Street, Gloucester, MA

6/21/03 to 7/11/03

Salvatore Russo, 279 Western Avenue, Gloucester, MA
Joseph Balestracci, 66 Cottage Street, Everett, MA
Victor Swaszo, 49 Prospect Street, Gloucester, MA
Gerald Russo, 279 Western Avenue, Gloucester, MA

15

7/12/03 to 8/1/03

Salvatore Russo, 279 Western Avenue, Gloucester, MA
Angelo .?
Victor Swaszo, 49 Prospect Street, Gloucester, MA
Gerald Russo, 279 Western Avenue, Gloucester, MA

8/2/03 to 8/15/03

Salvatore Russo, 279 Western Avenue, Gloucester, MA
Victor Swaszo, 49 Prospect Street, Gloucester, MA
Benedetto D'Amico, Gloucester, MA

8/16/03 to 8/29/03

Salvatore Russo, 279 Western Avenue, Gloucester, MA
Victor Swaszo, 49 Prospect Street, Gloucester, MA
Benedetto D'Amico, Gloucester, MA
Matt Russo, 7 Derby Street, Gloucester, MA
Chris Rodolosi, Gloucester, MA

8/30/03 to 9/19/03

Salvatore Russo, 279 Western Avenue, Gloucester, MA
Charles Reed, 9 Ledgemont Avenue, Gloucester, MA
Chris Rodolosi, Gloucester, MA

9/20/03 to 10/31/03

Salvatore Russo, 279 Western Avenue, Gloucester, MA
Gerald Russo, 279 Western Avenue, Gloucester, MA
A .Depaula, Boston, MA

11/1/03 to 11/14/03

Salvatore Russo, 279 Western Avenue, Gloucester, MA
Charles Reed, 9 Ledgemont Avenue, Gloucester, MA
A .Depaula, Boston, MA
Gerald Russo, 279 Western Avenue, Gloucester, MA

11/15/03 to 12/4/03

Salvatore Russo, 279 Western Avenue, Gloucester, MA
A .Depaula, Boston, MA
Teodoro Norales, Gloucester, MA

INTERROGATORY NO. 22

Please identify each and every person who worked on the F/V MARY & JOSEPHINE

during the period May 1, 2003 to and including December 4, 2003 .

16

ANSWER NO. 22

5/03 to 7/03          No work was performed on the vessel.

7/03 to 8/28/03       Vessel was hauled at Gloucester Marine Railway.

8/29/03 to 9/03       No work was performed on vessel

10/03 to 12/03        Matt Russo
                      Charles Reed
                      Richard Marshall
                      Joe Eris, Joe's Mobil Equipment Repairs, 50 Beach Road.
                      Salsbury, MA
                      Arthur Page, Joe's Mobil Equipment Repairs, 50 Beach Road.
                      Salsbury, MA

INTERROGATORY NO. 23

Please state when, and how, Mary & Josephine Corp. notified North American Specialty

Ins. Co. that the F/V MARY & JOSEPHINE had returned to fishing after December 4, 2003.

ANSWER NO. 23

On or about 12/22/03, Salvatore Russo called OMI.

17

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS _____ DAY OF
JUNE, 2005.

Mary & Josephine Corp.

By: _____
Operations Manager

As to Objections:

Richard H. Pettingell – BBO # 397320

17