

Exhibit D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10374-WGY

```
*******************************
                              *
NORTH AMERICAN SPECIALTY       *
INSURANCE COMPANY              *
      Plaintiff                *
                              *
V.                            *
                              *
MARY & JOSEPHINE CORPORATION and *
MATTEO RUSSO                   *
      Defendants              *
                              *
*******************************
```

**DEFENDANT, MATTEO RUSSO'S RENOTICE OF TAKING DUCES TECUM DEPOSITION PURSUANT TO MASS. R. CIV. P. 30(b)(6) OF MOST KNOWLEDGEABLE PERSON OF NORTH AMERICAN INSURANCE COMPANY**

Please take notice that pursuant to Rule 30 of the Massachusetts Rules of Civil Procedure, the deposition upon oral examination of a Rule 30(b)(6) designee on behalf of North American Insurance Company will be taken before a notary public duly commissioned for the Commonwealth of Massachusetts, or some other person duly qualified at the Law Offices of Richard H. Pettingell, P.C, 77 North Washington Street, Second Floor, Boston, Massachusetts on **January 5, 2005 at 10:00 a.m.**, and continuing from day to day until completed.

The deponent, North American Insurance Company, will be required pursuant to Mass. R. Civ. P. 30(b)(6), to designate one or more individuals who can provide testimony the following subject matters:



(1) Allegations in Paragraph 14 of Plaintiff's Complaint for Declaratory Judgment, to wit, "On October 3, 2003, defendant Russo, on behalf of defendant, M&J, called OMIA and advised that the F/V MARY & JOSEPHINE had not been fishing since May 2003." The witness is required to bring with him/her to the deposition any and all writings of whatever kind or nature generated as a result of this alleged phone call.

(2) Allegations in Paragraph 15 of Plaintiff's Complaint for Declaratory Judgment to wit "Defendant Russo specifically requested that the Vessel be deemed to have had "port risk" coverage starting on May 1, 2003 rather than full operational coverage, and stated that defendant's did not want any crew protection and indemnity coverage during the period that the vessel was not fishing." The witness is required to bring with him/her to the deposition any and all writings of whatever kind or nature generated as a result of this alleged statement.

(3) Allegations in Paragraph 16 of Plaintiff's Complaint for Declaratory Judgment to wit "OMIA immediately notified NAS of defendant's request and procured a credit of $1,425.00 for the initial level of P&I coverage and an additional credit of $519.00 for the excess P&I coverage. Such credit was provided for the P&I coverage for the 3.5 crewmen originally covered by the policy during the policy year August 13, 2002 through August 13, 2003." The witness is required to bring with him/her to the deposition any and all writings of whatever kind or nature generated as a result of these allegations.

(4) Allegations in Paragraph 17 of Plaintiff's Complaint for Declaratory Judgment to wit "It was understood and agreed by the parties that NAS would continue to provide

port risk only coverage with no coverage for any crewmen until defendants advised Vessel had returned to active fishing at which point Plaintiff would reinstate full operational coverage. Additional credits would accrue to M&J during this period of port risk coverage which credits would be applied either upon the Vessel's return to full operational coverage or the end of the policy year on August 13, 2004 whichever occurred first." The witness is required to bring with him/her to the deposition any and all writings of whatever kind or nature generated as a result of these allegations.

(5)   Allegations in Paragraph 18 of Plaintiff's Complaint for Declaratory Judgment to wit "On October 3, 2003 and again on November 21, 2003, OMIA informed defendants in writing that the vessel was covered by port risk coverage only and that when the Vessel returned to full fishing operations, notice should be provided to OMIA so that the policy could be amended appropriately." The witness is required to bring with him/her to the deposition any and all writings of whatever kind or nature generated as a result of these allegations.

(6)   What is meant by "Port risk coverage" as same was intended by either NAS or OMIA during calendar year 2003. The witness is required to bring with him/her any and all writings of whatever kind or nature that define the term "port risk coverage" as same is being relied upon by plaintiff in its complaint.

You are invited to attend and cross-examine.

Dated: December 7, 2004

The defendant, MATTEO RUSSO,
By his attorney,
JOSEPH G. ABROMOVITZ, P.C.

Joseph G. Abromovitz
BBO No. 011420
858 Washington Street
Third Floor
Dedham, MA 02026
PHONE: (781) 329-1080

## CERTIFICATE OF SERVICE

I, Joseph G. Abromovitz, hereby certify that on the 7th day of December 2004, I served a copy of this document by first class mail, postage prepaid to the following counsel of record:

Leonard W. Langer, Esquire
Tompkins, Clough, Hirshon & Langer, P.A.
Three Canal Plaza
P.O. Box 15060
Portland, ME 04112-5060

Richard H. Pettingell, Esquire
Law Office of Richard H. Pettingell, P.C.
77 North Washington Street
Second Floor
Boston, MA 02114

Joseph G. Abromovitz